[No. 755.]

## ALEXANDER LEPORT, Respondent, v. EDWARD D. SWEENEY, Appellant.

IRRELEVANT TESTIMONY—WHEN SHOULD BE STRICKEN OUT.—Where no objection is made to any question asked a witness, if the answer is not responsive to the question or not relevant to the issues presented, the opposing party should move to strike it out.

IDEM—TESTIMONY NOT PREJUDICIAL.—*Held*, that under the facts recited in the opinion, the defendant was not prejudiced by the answer of the witness that he cut "all the wood on the land that would roll into the cañon," as under the findings this question was wholly immaterial.

INSUFFICIENCY OF EVIDENCE TO SUPPORT THE FINDINGS.—Where it appears to this court that there is as much evidence to support the findings in every particular as there is to oppose the findings in any particular: *Held*, that this court will not disturb the judgment of the lower court.

APPEAL from the District Court of the Second Judicial District, Ormsby county.

The facts are sufficiently stated in the opinion.

*R. M. Clarke*, for Appellant.

*Ellis & King*, for Respondent.

By the Court, HAWLEY, C. J.:

This is an action to recover a sum of money alleged to be due plaintiff upon a written agreement executed by the plaintiff and one F. Marcoal as parties of the first part (the interest of Marcoal having been assigned to plaintiff), and E. D. Sweeney, defendant, as party of the second part, wherein the parties of the first part agreed, among other things, "to cut all the wood" on a certain tract of land belonging to the defendant, and "not to cull or pick the timber on said land, but to cut the timber clean as they go, and to make into cord-wood all the standing and fallen timber suitable for merchantable wood;" also, to recover certain other small amounts for goods, wares and merchandise sold and

delivered, and for money loaned and advanced to defendant, etc., in all amounting to the sum of $4324.59. The wood, when cut, was to be placed in Big Bend Cañon so that it could be conveniently loaded upon wagons. The defendant, among other things, in said contract, "agrees to pay the said first parties the sum of four dollars and twenty-five cents ($4.25) for each and every cord of good merchantable cord-wood," and to make the payments at certain specified times, as the wood is cut and delivered.

In his answer, the defendant denies that the parties of the first part complied with the covenants and conditions of said agreement on their part to be performed, and, among other things, alleged that said parties "failed and neglected to cut and split all the wood agreed in said contract to be cut and split by them on the lands mentioned in said contract; and that they cut and split only the timber that was easiest of access, and only such as was easiest to be made into cord-wood; and that there is now standing on the ground timber agreed to be cut in said contract, suitable and sufficient to make seven hundred (700) cords of good merchantable cord-wood, to the damage of "defendant in the sum of two thousand dollars," and prays judgment against plaintiff for the sum of $1960.00, and costs of suit. The case was tried before a referee, who found a judgment in favor of plaintiff for the sum of $3575.39 with costs of suit. The defendant moved the district court to set aside the report of the referee, and for a new trial. This motion was denied. Defendant appeals from the judgment and from the order denying a new trial. There is but one point in the record that is excepted to and assigned as an error of law. During the trial, the plaintiff testified, that he cut "all the wood on the land that would roll into the cañon, and what is left would not roll in." This was objected to by the defendant on the ground that the written contract specified what wood was to be cut. No objection was made to any question asked by plaintiff's counsel; and if this testimony was not responsive to any questions, or was not relevant to the issues presented, the defendant should have moved to strike it out. But it is evident that

defendant was not, and could not have been, prejudiced by this answer.

The referee in one of his findings states: "That there is still some timber standing upon the tract of land described in said contract that has not been made into wood by the plaintiff, but that the plaintiff is not entitled to pay to the defendant any damages for not converting the same into cordwood for the reason that the defendant failed to comply with his part of the contract in not making the payments as he agreed to. Whether the timber left standing would have rolled into the cañon, or not, was, in view of this finding, supported as it is by the testimony, wholly immaterial. The only other question to be considered, is whether the evidence is sufficient to justify the findings and the judgment. The defendant specifies several particulars wherein he claims that the evidence is insufficient and upon which he relies for a reversal of this case. From the testimony, considering it in the most favorable light for the defendant, we think there is at least as much evidence upon the part of the plaintiff to support the findings in every particular as there is upon the part of the defendant to oppose the findings in any particular. In such a case this court will not interfere with the judgment of the lower court.

The judgment of the district court is affirmed.